THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:23-cv-00185-MR-WCM

| | |
|---|---|
| PETER K. STERN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's "Response to the Court's 08/07/2023 Order" [Doc. 4].

On August July 20, 2023, the Petitioner Peter K. Stern filed a "Complaint and Petition for Declaratory Judgment" purporting to seek declaratory relief pursuant to 28 U.S.C. § 2201 and seeking a declaratory judgment that his criminal convictions "must be overturned, reversed in their entirety, with prejudice, vitiated ab initio, and the record of [his] conviction(s) be expunged in their entirety." [Doc. 1 at 11-12].

On August 7, 2023, the Court entered an Order noting that it appeared that the Petitioner was attempting to challenge the legality of his prior convictions pursuant to 28 U.S.C. § 2255. [Doc. 3]. In his Response to the

Court's Order, the Petitioner states, correctly, that he is no longer in "custody" (that is, incarcerated or on supervised release) and therefore § 2255 is not available to him. [Doc. 4]. He further reiterates his position that his Petition seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and that he should be allowed to proceed under that provision. [Id.].

The Declaratory Judgment Act, 28 U.S.C. § 2201, is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (citation omitted). As such, the Court's assumption of jurisdiction over a declaratory judgment action is not "automatic or obligatory." Id. at 288. Here, as previously noted, the Petitioner is challenging the legality of his prior convictions and seeks to have convictions "overturned, reversed in their entirety, with prejudice, vitiated ab initio, and the record of Petitioner's conviction(s) be expunged in their entirety." [Doc. 1 at 12]. Under these circumstances, the Court declines to assume jurisdiction over the Petitioner's declaratory judgment action and finds that the Petition is more appropriately characterized as a petition for a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a). A coram nobis petition is "of the same general character as one under 28 U.S.C. § 2255," but is available to

2

Case 1:23-cv-00185-MR-WCM   Document 5   Filed 09/18/23   Page 2 of 5

petitioners who are no longer "in custody" and cannot seek habeas relief under § 2255 or § 2241. United States v. Morgan, 346 U.S. 502, 506 n.4 (1954). The writ of error coram nobis is a "remedy of last resort," United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012), and is narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice,'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting Morgan, 346 U.S. at 511).

This is the second coram nobis petition that the Petitioner has filed seeking to vacate his prior convictions. The Petitioner first sought coram nobis relief in 2016. [See Stern v. United States, No. 1:16-cv-00329-MR, Doc. 1]. The Court denied the Petitioner relief. [Id., Doc. 4]. The Court of Appeals affirmed that decision, Stern v. United States, 693 F. App'x 196 (4th Cir. 2017), and the United States Supreme Court denied certiorari, Stern v. United States, 138 S.Ct. 716 (2018).

For the reasons stated in the Court's prior Order [Stern v. United States, No. 1:16-cv-00329-MR, Doc. 4] denying his first petition for coram nobis relief, the Petitioner's present Petition is also denied.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2);

see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Complaint and Petition for Declaratory Judgment" is hereby construed as a petition for a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is respectfully directed to refund the Petitioner the $402 filing fee he paid to file this civil action, less any filing fee that he may owe for the filing of a coram nobis petition.

**IT IS FURTHER ORDERED** that this Court declines to issue a certificate of appealability.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: September 18, 2023

Martin Reidinger
Chief United States District Judge